IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEROY JONES,

                Plaintiff,                          OPINION AND ORDER

    v.

                                                               19-cv-106-wmc

BRIAN FOSTER, EMILY STATMUELLER,
WILLIAM MCCREEDY, JULIE LUDWIG, NANCY WHITE,
ELIZABETH SCHROEDER, NANCY GARCIA,
JEFFREY MANLOVE, SALAAM SYED, TAPIO, DONNA
LARSON, MELISSA BLOCK, GWENDLYN A.
VICK, WENDY KOENIG, GAIL WALTZ, JOHN
RUFFIN, C. ALTHRAWY, AMY GUNDERSON,
T. SHAW, J. LANING, M. HOWELL, JENSEN,
JENNIFER MCDERMOTT, J. SULLIVAN,
T. STAEHLER, TRACY THOMPSON, JOHN DOES 1-10,
WELCOME ROSE, JOHN LISTCHER, JAMES GREER,
RYAN HOLZMACHER, and MARY MUSE,

                Defendants.

      *Pro se* plaintiff Leroy Jones, a prisoner currently incarcerated at Kettle Moraine Correctional Institution ("KMCI"), filed this lawsuit under 42 U.S.C. § 1983, related to events that took place when he was incarcerated at Waupun Correctional Institution ("Waupun"), as well as at KMCI. Jones claims that defendants, KMCI and Waupun employees and Wisconsin Department of Corrections ("DOC") personnel, violated his Eighth Amendment rights with respect to how they handled his knee pain, dislocated finger and lower back pain. Jones has filed a proposed amended complaint (dkt. #12), which the court accepts as the operative pleading for purposes of screening as required by 28 U.S.C. § 1915(e)(2), 1915A. However, since his complaint violates Federal Rules of Civil Procedure 8, the court will dismiss his complaint without prejudice. If Jones wants to

continue this lawsuit, he will need to submit an amended complaint that corrects the deficiencies outlined below. Additionally, the court is denying Jones's motion for injunctive relief at this time (dkt. #13), subject to renewal if the court grants him leave to proceed in this lawsuit.

ALLEGATIONS OF FACT[1]

Plaintiff Leroy Jones has been incarcerated at KMCI since January 8, 2018, and previously was incarcerated at Waupun. Jones names six KMCI employees as defendants: Warden Jennifer McDermott; Health Service Managers ("HSM") William McCreedy and Julie Ludwig; Nurse Practitioner Tracy Thompson; Nurse J. Sullivan; ADA coordinator T. Staehler. He names 30 Waupun employees: Warden Brian Foster; HSM Emily Statmueller; Assistant HSM Nancy White; Nurse Practitioners Elizabeth Schroeder, Nancy Garcia and Tapio; Drs. Jeffrey Manlove and Salaam Syed; Registered Nurses Donna Larson, Melissa Block, Gwendlyn A. Vick, Wendy Koenig, Gail Waltz, John Ruffin, C. Althrawy, Amy Gunderson, T. Shaw, J. Laning, M. Howell, Jensen and John/Jane Does 1-10. Finally, Jones names three defendants that work in other DOC departments: Corrections Complaint Examiner Welcome Rose; former DOC Secretary John Litscher; Bureau of Health Services ("BHS") director James Greer; BHS M.D. Director Ryan Holzmacher; and BHS Nursing director Mary Muse.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Jones outlines three different medical conditions that he claims defendants have ignored. *First,* Jones suffers from degenerative joint disease in both knees, which causes swelling, buckling, a burning sensation and severe pain. Jones claims that between January 14, 2016, and February 21, 2017, all defendants were notified and aware of his condition and need for medical attention because he repeatedly complained about his painful symptoms. However, Jones alleges that his complaints were disregarded and treatment was denied. Jones claims that the denial of treatment caused continued pain, weight loss and injury, including a fall from an upper bunk after defendants refused to provide him a lower bunk restriction.

*Second*, on June 10, 2016, Jones suffered an injury to his left hand, dislocating his pinky finger, which caused him swelling and pain. From that day until October 16, 2016, Jones sought medical care for his finger from defendants Altahrawy, Gunderson, Jensen, Vick, Waltz, York, Shaw, Howell, Schroeder and Stadtmueller. Jones claims that no one provided medical treatment despite his repeated complaints.

*Third*, Jones suffers from severe low back pain due to chronic lordosis and a bulging disc on his L5-S1 nerve root. Jones alleges that he fell from an upper bunk and sustained injuries from the fall. Between February 21, 2017, and January 1, 2018, Jones notified each of the registered nurses about his chronic condition and need to see a doctor, but all of them denied him access to care. At the same time, Jones acknowledges that he saw defendant Dr. Manlove and defendant Nurse Practitioner Tapio at some point during this timeframe, both of whom denied him any medical care. However, on December 6, 2017,

Tapio and defendant Jensen wrote to him that he was scheduled for a doctor's appointment and for injections.

When Jones was transferred to KMCI on January 8, 2018, he contacted the Health Services Unit ("HSU") about his back condition, asking when he would see a doctor. However, Jones alleges that he received responses informing him that he was not scheduled to see a doctor or for any injections. However, it appears that Jones visited a Chronic Care Clinic in February 2018.

On or around August 22, 2018, Jones's back pain reoccurred, but medical staff (Does 1-4) refused to provide him treatment. Jones's similar complaint to HSU manager McCreedy was also ignored.

Jones claims that between July 20, 2016, and September 13, 2018, he attempted to contact defendants Rose and Litscher through inmate complaints raising concerns about inadequate treatment for his severe pain. He claims these complaints were disregarded.

OPINION

Jones seeks leave to proceed against all of the defendants on Eighth Amendment deliberate indifference claims. To state an Eighth Amendment claim related to medical or mental health care, a plaintiff must allege facts supporting an inference that his treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as

4

mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.

However, under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Additionally, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 795, 798 (7th Cir. 2011).

Jones's allegations with respect to each of his three health conditions do not include the dates he sought treatment, who received his requests for treatment or who responded or failed to respond to each of his requests for care. Instead, Jones alleges generally that *all* of the defendants failed to respond to his need for treatment for his knee between January 14, 2016, and February 21, 2017; that defendants Altahrawy, Gunderson, Jensen,

Vick, Waltz, York, Shaw, Howell, Schroeder, and Stadtmueller failed to respond to his requests for care for his knee and hand between June 10, 2016, and October 16, 2016; that the registered nurses, Dr. Manlove and Jensen failed to treat his lower back pain between February 21, 2017, and January 1, 2018; and that the KMCI HSU did not respond to his January 8, 2018, request about seeing a doctor, or his August 22, 2018, concerns about reoccurring pain. Given the high burden governing deliberate indifference claims described above, and the fact that liability under § 1983 requires personal involvement in the alleged constitutional violation, Jones's allegations do not provide sufficient information for the court to determine whether he may proceed against each defendant.

Along the same vein, Jones's overbroad allegations would not provide defendants with adequate notice with respect to whether Jones is seeking to proceed against them with respect to the treatment of his knee, hand, or back pain, or more than one of these conditions. Although Jones does not need to provide significant amount of details about the interactions he had with each of the defendants, he at least needs to provide the basics: which defendants knew about his need for care and when, what they knew about the nature and severity of his pain, and how each defendant responded. Jones's current complaint fails to do this.

The court will give Jones a brief window of time, until **May 5, 2021,** to submit a proposed amended complaint that provides more details about the claims he wishes to pursue. Jones should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the

6

materials events. He should be sure to identify the specific defendants who are being sued, the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. Additionally, in preparing his amended complaint, Jones should also keep in mind the requirements of Federal Rules of Civil Procedure 18 and 20. Rule 18 permits a plaintiff to include "as many claims as it has against an opposing party," but under Rule 20, plaintiffs may join additional claims against separate defendants to proceed in one lawsuit only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the *same* transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A) (emphasis added). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Jones's complaint outlines three different ailments that span from January 2016 through January of 2018. There appears to be common defendants throughout this period of time because it appears that at least some of the same nurses were involved in reviewing and responding to Jones's requests for care throughout, and because Jones was attempting to get care for his knee and hand pain during the same period of time. However, to the extent there is not a common defendant between his knee and hand care pain, and his

7

attempts to get treatment for back pain, Jones will have to choose which lawsuit to pursue in his amended complaint. In other words, he should be sure to include in his amended complaint *only* the claims arising from the same transaction or occurrence or series of transactions or occurrences. Then if he has additional claims against any of the defendants, he may join those claims as well.[2]

Finally, in preparing an amended complaint, Jones should omit the defendants that were not involved in any of the events related to his claims. It appears that he has included multiple individuals solely because of their supervisory role within the institution or for the DOC generally. For example, Jones names Warden Foster, CCE Rose and John Litscher but has not alleged that any of these defendants were involved or knew about his need for medical care. Since an individual cannot be held liable under § 1983 for holding a supervisory role, *see Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others), Jones should omit these and any other defendant that was not personally involved his responding to his requests for medical attention between January of 2016 and January of 2018.

After the court receives Jones's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

---

[2] To the extent he wishes to pursue claims that do not arise out of the same transaction or occurrence, he will need to file another lawsuit (or lawsuits) that will be assigned a different case number and separately screened.

ORDER

IT IS ORDERED that:

1) Plaintiff Leroy Jones' complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8.

2) Plaintiff has until **May 5, 2021**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims with prejudice for failure to state a claim upon which relief can be granted.

3) Plaintiff's motion for injunctive relief (dkt. #13) is DENIED without prejudice.

Entered this 15th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge