IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY JONES,

                Plaintiff,                OPINION AND ORDER

v.

                                            19-cv-106-wmc

EMILY STATMUELLER,
SALAAM SYED, NANCY GARCIA,
WENDY KOENIG, RAMIREZ,
J. SULLIVAN, BIRKHOLZ, T. STAEHLER
and TRACY THOMPSON,

                Defendants.

---

    *Pro se* plaintiff Leroy Jones is proceeding in this lawsuit under 42 U.S.C. § 1983, on Eighth Amendment deliberate indifference claims related to his medical care at Kettle Moraine Correctional Institution ("Kettle Moraine") and earlier at Waupun Correctional Institution ("Waupun"). Jones claims that defendants responded with deliberate indifference to his knee pain, a dislocated finger and lower back pain. At screening, the court in particular granted Jones leave to proceed against current or former Waupun and Kettle Moraine employees Emily Statmueller, Dr. Salaam Syed, Nancy Garcia, Wendy Koenig, Ramirez, J. Sullivan, Birkholz, T. Staehler and Tracy Thompson. However, the court dismissed numerous defendants, including Waupun Registered Nurses Jensen, Waltz, York, Shaw, Howell, Laning, Althrawy, and Assistant Health Service Manager ("Assistant HSM") White.

    Jones has now filed a motion (1) seeking reconsideration of the court's dismissal of just those defendants, and (2) asking that the court read Wisconsin negligence claims into his amended complaint. (Dkt. #27.) For the reasons that follow briefly, the court will

grant Jones's motion in part by reinstating his claims against Shaw, Laning, Althrawy and White, and exercise supplemental jurisdiction over Jones's proposed negligence claims.

OPINION

The court begins with Jones's request for reconsideration. At screening the court dismissed the nurse defendants (Jensen, Waltz, York, Shaw, Howell, Laning and Althrawy) because their involvement in responding to Jones's request for medical attention did not indicate that they consciously disregarded Jones's complaints, and instead either deferred to the treatment decisions of the advanced care provider or communicated that he was scheduled to be seen by an advanced care provider. (3/17/22 Op. & Order (dkt. #23) 14.) As for Shaw and Howell in particular, the court further noted that although these defendants responded to his inquiries for certain pain relief interventions by writing that no order had been place by an advanced medical provider, Jones had not alleged that either of those two defendants had reason to know that the items he was requesting had been ordered. (*Id*. at 16.)

With respect to Jensen, Waltz and York, Jones now maintains that although these nurses documented pain in his finger, they left him without a splint. More specifically, Jones points out that on August 2, 2016, Jensen responded to Jones's complaint about knee and finger pain by just addressing the knee issue and ignoring his need for a splint. Yet at screening the court noted that Jones had *also* alleged that Jensen referred him to a nurse practitioner for further evaluation in addition to noting that medications were not effective (*id.* at 3-4), which does not suggest deliberate indifference and instead an effort to assist Jones in finding effective pain relief. As to York, Jones points to a September 22,

2

2016, interaction during which York documented Jones's back, knee and finger pain, but she refused to provide him a splint for his finger. Yet Jones had alleged that he met with a nurse practitioner just a week later, who ordered pain medication and a splint and scheduled him to be seen by a doctor. York's notation of Jones's complaints that were directly addressed shortly after their interaction does not suggest that York consciously disregarded Jones's severe pain at that point and instead that she was recording his symptoms for the benefit of advanced care provider.

Jones further claims generally that Waltz knew or should have known from reviewing Jones's medical records that the medication he was taking was ineffective and failed to provide him with a splint. Yet in his when Jones was raising those pain complaints, no advanced care provider had authorized a different medication or splint, and Waltz was not authorized to prescribe him pain medication or provide him the relief he sought. And since Jones was already scheduled to be seen by a provider, there was little more Waltz could do in response to Jones's complaints than communicate that he was scheduled to be seen and provide him with the medication already authorized. Therefore, the court declines to reinstate his claims against Jensen, Waltz or York.

However, the court will reinstate his claims against Laning, Althrawy and Shaw. Jones claims that defendants Laning, Althrawy, Shaw and Howell showed deliberate indifference by responding that an order did not exist after Nurse Practitioner Schroeder wrote an order for pain medication and a splint on September 9, 2016. Jones clarifies that the order *was* documented in his medical file after September 9. In support, Jones attaches a medical record indicating that on September 29, 2016, an order was placed for several

3

items for Jones, including a TENS unit, splint and pain medication. (*See* dkt. #27-1, at 1.)[1] He further attaches: (1) his request for a TENS unit, splint and pain medication that Shaw denied on October 5, because there was no order (*id.* at 2); (2) his request for a TENS unit and pain medication, that Laning denied because there were no refills for the medication and no order for a TENS unit (*id.* at 3); and (3) his request for a TENS unit and muscle rub and pain medication, which Althrawy denied on February 9, 2017, because there was no order for those items. This new information supports a reasonable inference that Shaw, Laning and Althrawy may have consciously disregarded Jones's need for these items. Therefore, the court will grant Jones leave to proceed against Shaw, Laning and Althrawy. However, Jones has not cited or alleged an instance in which Howell denied Jones access to any ordered items, so the court will not reconsider dismissal of this defendant.

Next Jones seeks reconsideration of the dismissal of Assistant HSM White because he alleges that White was personally aware about his severe pain and dislocated fingers. Previously the court dismissed HSM White because in his amended complaint, Jones identified only three instances in which White was personally involved in his medical care and none suggested deliberate indifference, and instead suggested that she was deferring to Dr. Syed's treatment decisions. (3/17/22 Op. & Order (dkt. #23) 17.) Jones now alleges that White was aware of his pain and frustration with Dr. Syed's failure to provide adequate pain medication, injections and a low bunk reinstatement but still failed to take

---

[1] The court infers that Jones meant that the orders were placed on September 29, not the 9th, but this error is irrelevant for purposes of his motion.

4

corrective action when she was able to do so.  Although Jones has not provided more detailed allegations of their interactions, he has alleged that he directed many of his communications to Assistant HSM White specifically.  While fact-finding may bear out that White did not actually receive or review his communications, the court will reconsider the dismissal of this defendant for further factual development as to her actual knowledge and involvement in his requests for care.

Finally, Jones asks that the court exercise supplemental jurisdiction over state law negligence claims against the defendants, based on the same allegations that support the Eighth Amendment claims against defendants.  Although Jones did not invoke any state law claims in his amended complaint, it is reasonable to read such claims into his amended complaint, especially now that he has clarified his intent.  Therefore, the court will grant that request.  *See* 28 U.S.C. § 1367(a) ("[D]istrict courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  For the same reasons that Jones's allegations support deliberate indifference claims against defendants Shaw, Laning, Althrawy, White, Statmueller, Syed, Garcia, Koenig, Sullivan, Ramirez, Birkholz, Staehler, and Thompson, Jones may pursue negligence claims for those same events.  *See Paul v. Skemp*, 2001 WI 41, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860 (a claim for negligence under Wisconsin law includes four elements:  (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages).  However, the court declines to exercise supplemental jurisdiction over the state law claims against the defendants who have been dismissed.  *Williams v.*

5

*Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (affirming trial court's dismissal of plaintiff's state law claims for lack of jurisdiction after parallel federal claims have been dismissed).

ORDER

IT IS ORDERED that:

1) Plaintiff Leroy Jones's motion for reconsideration (dkt. #27) is GRANTED in part and DENIED in part. It is GRANTED insofar as (1) defendants Shaw, Laning, Althrawy and White are REINSTATED, and plaintiff may proceed against them on Eighth Amendment deliberate indifference and Wisconsin negligence claims; and (2) plaintiff may also proceed against defendants Statmueller, Syed, Garcia, Koenig, Sullivan, Ramirez, Birkholz, Staehler and Thompson, on Wisconsin negligence claims, for the same events supporting the Eighth Amendment claims against these defendants. Plaintiff's motion is DENIED in all other respects.

2) The Wisconsin Department of Justice has until **May 5, 2022,** to notify the court whether it will accept service of the complaint and summons as to defendants Shaw, Laning, Althrawy and White.

Entered this 21st of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge