IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEROY JONES,

                          Plaintiff,                         OPINION AND ORDER

    v.

                                                   19-cv-106-wmc

EMILY STATMUELLER, et al.,

                          Defendants.

*Pro se* plaintiff Leroy Jones is proceeding in this lawsuit under 42 U.S.C. § 1983, on Eighth Amendment deliberate indifference claims related to his medical care at Kettle Moraine Correctional Institution ("Kettle Moraine") and earlier at Waupun Correctional Institution ("Waupun"). Jones claims that defendants responded with deliberate indifference to his knee pain, a dislocated finger and lower back pain. Currently before the court are four motions: (1) Jones's motion for reconsideration of the court's dismissal of certain supervisory defendants (dkt. #46); (2) Jones's motion for appointment of counsel (dkt. #45); (3) Jones's motion to strike affirmative defenses (dkt. #48); and (4) defendants' motion to transfer under 28 U.S.C. § 1404 (dkt. #35). For the reasons that follow, the court is denying each of these motions.

## I.       Motion for reconsideration (dkt. #46)

Jones asks that the court reinstate his claims against the following supervisory officials: Waupun Warden Brian Foster; Welcome Rose; John Litscher; James Greer; Ryan Holzmacher; and Mary Muse. Jones argues that all of these defendants were aware of his ongoing complaints of severe pain that he maintained were not being addressed by the

health care staff at his institutions. Jones specifically claims that they became aware of his condition by virtue of his inmate complaints and a December 20, 2019, letter he wrote to the Bureau of Health Services ("BHS"), as well as the numerous inmate complaints he submitted about his medical conditions between 2016 and 2020. Jones claims his allegations as to Warden Foster in particular show this defendant's personal involvement because Foster received correspondence related to Jones's rejected inmate complaints but failed to intervene to address his medical treatment concerns.

However, the court dismissed Foster because he could not be held personally liable for the actions of the prison officials under his supervision, and that Complaint Examiner Rose, then-Secretary Litscher, M.D. Director Holzmacher, Nurse Director Muse, and BHS Director Greer's handling of his grievances and inmate complaints was insufficient to suggest deliberate indifference, since denial of an inmate is insufficient to state a constitutional claim. (3/17/22 Op. & Order (dkt. #23) 20-21.) Plaintiff has not addressed these principles, nor has he suggested that his general complaints to these defendants reflected more than his concern about how his complaints were handled. More to the point, plaintiff has not alleged that any of these defendants – none of whom are medical personnel and thus are entitled to defer to the treatment decisions of the health care staff at his institutions -- consciously disregarded plaintiff's serious medical needs. Therefore, the court declines to reinstate these defendants, and this motion will be denied.

## II.    Motion for appointment of counsel (dkt. #45)

Jones asks that the court appoint counsel for him in this case, citing the complexity

2

of this case, multiple mental health issues, limited understanding of the law and access to legal resources, and difficulty receiving help from other inmates at his current institution. Although Jones satisfies the first requirement for seeking assistance in recruiting counsel by representing that he has contacted three attorneys but has been unsuccessful in recruiting counsel on his own, it is too early in this lawsuit to conclude that the legal and factual difficulties of this lawsuit exceed his abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Jones's filings have demonstrated the opposite. He successfully amended his complaint and obtained the court's reconsideration of the dismissal of a group of defendants, and his arguments in opposition to defendants' motion to transfer cite relevant legal authorities and are persuasive. In short, Jones has shown himself thus far to be a diligent and motivated litigator. Therefore, the court is denying his motion for assistance in recruiting counsel. The denial will be without prejudice to his ability to renew it in a manner that specifies exactly what tasks he is unable to perform without an attorney, understanding that, given how difficult it is for this court to recruit counsel, this court rarely recruits counsel for *pro se* litigants prior to trial.

### III. Jones's Motion to strike affirmative defenses (dkt. #48)

Next Jones asks the court to strike defendants affirmative defenses of: exhaustion of administrative remedies, sovereign immunity, qualified immunity, comparative and/or contributory negligence, and that acts and omissions were out of defendants' control. Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous material."

Yet motions to strike portions of pleadings are disfavored, and "will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

Jones ultimately may be able to defeat defendants' those affirmative defenses, either due to the applicable law or what the facts reveal about the applicability of these defenses. But Jones's arguments in favor of outright *striking* these affirmative defenses rely on the facts as alleged by him, which is not a basis to strike them. Since Jones has not otherwise identified a basis to strike any of the affirmative defenses, the court is denying this motion.

## IV. Defendants' motion to transfer (dkt. #35)

Finally, defendants move to transfer this case to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue of this case would have been proper in the Eastern District of Wisconsin, since the events comprising Jones's claims occurred at Waupun and Kettle Moraine, both of which lie in the Eastern District of Wisconsin. The convenience inquiry focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

Defendants maintain that the Eastern District of Wisconsin is the more convenient

forum for the parties and witnesses because (1) only one defendant resides in a county within this district; and (2) the relevant events occurred at Waupun and Kettle Moraine, which are both located in the Eastern District.  However, the convenience inquiry does not clearly point to the Eastern District as the better forum.  Although the Eastern District's courthouse may be closer to some of the witnesses who may reside within that district, if this case proceeds to trial, the Western District courthouse is less than a two-hour drive for those witnesses, which is not a significant burden.

Moreover, "[t]he plaintiff's choice of forum is usually given substantial weight," although that choice may receive "less deference 'when another forum has a stronger relationship to the dispute.'"  *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)).  Jones chose this forum, and defendants have not identified any specific interest the Eastern District may have in resolving Jones's medical care claims beyond asserting that the community in the Green Bay division may have an interest in the outcome of that lawsuit.  Therefore, at best the convenience inquiry only slightly favors transfer.

Finally, out of completeness the court finds that the interests of justice would not be served by transfer.  Defendants point to the 2021 Judicial Caseload Profile, which indicates that the Eastern District may resolve its civil cases slightly faster.  However, this court and the Eastern District are equally familiar with the applicable legal standards and law.  More importantly here, this court has already screened this case multiple times, resolved plaintiff's numerous motions, required him to amend and reviewed his many

allegations and proposed defendants.  This early motion practice has caused this court to familiarize itself with the nature of Jones's claims, and it would be wasteful to require a new judge to familiarize themselves with the court's orders and the nature of Jones's claims against the numerous defendants.  On balance, the court is not persuaded that the Eastern District is clearly the more convenient forum *and* that the interests of justice support transfer, the motion to transfer will be denied.

ORDER

IT IS ORDERED that:

1) Plaintiff Leroy Jones's motion for reconsideration (dkt. #46) is DENIED.

2) Plaintiff's motion for appointment of counsel (dkt. #45) is DENIED without prejudice.

3) Plaintiff's motion to strike affirmative defenses (dkt. #48) is DENIED.

4) Defendants' motion to transfer (dkt. #35) is DENIED.

Entered this 19th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge