IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEROY S. JONES,

                       Plaintiff,                      OPINION AND ORDER

    v.

                                                      19-cv-106-wmc

EMILY STADTMUELLER, NANCY WHITE,
SALAM SYED, NANCY GARCIA,
WENDY KOENIG, CAROL AL-TAHRAWY,
JESSE LANING, JOANIE SULLIVAN,
MELISSA RAMIREZ, CHAD BIRKHOLZ,
TAMI STAEHLER, TRACY THOMPSON, and
JULIE LUDWIG,

                      Defendants.

---

Plaintiff Leroy Jones, representing himself, is incarcerated at Kettle Moraine Correctional Institution ("KMCI") and seeks reconsideration of the court's March 7, 2024 opinion granting defendants' motions for summary judgment. (Dkt. #110.) Jones contends that the court failed to accurately assess and apply the evidence he presented in support of his claims at summary judgment. For the reasons discussed below, the court will deny Jones's motion.

OPINION

Under Federal Rule of Civil Procedure 59(e), a court may reconsider a final judgment (1) based on newly discovered material evidence or intervening changes in the controlling law or (2) to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the

district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). However, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Thus, Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing, two grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).[1]

To begin here, Jones asserts that in granting summary judgment to defendants, the court erred by failing to consider evidence in his medical file, as well as policies and job descriptions for healthcare providers in Wisconsin Department of Corrections ("DOC") facilities. (Dkt. #110, at 2, 8.) As to the latter, he contends that defendants' failure to adhere to those policies, together with awareness of an inmate's serious medical condition, violates an inmate's right to a "minimally basic standard of care," and he also requests appointment of a neutral expert to "support[] his characterization of his standard of care." (*Id*. at 8.) However, as the court explained in its opinion granting defendants' motions for

---

[1] In her opposition to Jones's motion for reconsideration, defendant Jesse Laning contends that plaintiff's motion was untimely under Fed. R. Civ. P. 59(e), pointing to an April 10, 2024 postmark on the envelope containing his filing. (Dkt. #111, at 2.) Laning correctly notes that any motion to amend or alter a judgment must be filed no later than 28 days after the entry of the judgment. However, under the "mailbox rule", an inmate's submission is deemed filed with the court when he gives that submission to prison officials for mailing. *Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015). Because Jones certified that he mailed his motion on April 4, 2024 (dkt. #110-2) -- 27 days after judgment was entered on March 8 -- the court will consider his motion timely filed and need not address Laning's alternative grounds opposing reconsideration under Fed. R. Civ. P. 60(b).

2

summary judgment, violation of a prison policy alone "does not violate the Constitution or suggest deliberate indifference." *Schroeder v. Sawall*, 747 Fed. App'x 429, 431 (7th Cir. 2019) (citing *Lewis v. Richards*, 107 F.3d 549, 553 n.5 (7th Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996)).

With respect to the former -- the court's consideration of his medical file -- Jones has failed to identify *any* new material evidence or manifest errors of fact as to any defendant whom he alleges was deliberately indifferent to his knee, back, or finger pain at Waupun Correctional Institution ("WCI"). Even if, as Jones argues, his November 2, 2015 Health Service Request ("HSR") *did* identify knee pain (dkt. #110, at 8), he has not pointed to any evidence suggesting that defendant Nancy Garcia ever saw that HSR or that she was deliberately indifferent to his knee pain after referring him to an advanced care provider to discuss his knee pain in December of 2015. Similarly, as to defendants Wendy Koenig, Nancy White, Emily Stadtmueller, Carol Al-Tahrawy, Jesse Laning, and Salam Syed, Jones simply restates his disagreement with the course of treatment they prescribed him or makes conclusory assertions that they could have further intervened in his medical care. Nevertheless, plaintiff is not a medical professional, so he "is not competent to diagnose himself, and he has no right to choose his own treatment." *Lloyd v. Moats*, 721 Fed. App'x 490, 495 (7th Cir. 2017). Nor can any defendant be held liable under the Eighth Amendment "if the remedial step was not within [his or her] power." *Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012).

Jones's arguments for reviving his claims against the Special Needs Committee defendants -- Julie Ludwig, Joanie Sullivan, Tami Staehler, Chad Birkholz, and Melissa

3

Ramirez -- and defendant Tracy Thompson, whom he alleges were deliberately indifferent to his foot and knee pain at KMCI, similarly fail to identify any new material evidence or errors of fact. Though Jones points to orders for air-cushioned shoes provided by non-defendant Dr. Scott Hoftiezer (which, according to Jones, would have been more effective than the diabetic shoes for which he had a permanent order) and DOC policies regarding the expiration dates of those orders as evidence of their deliberate indifference (dkt. #110, at 12-13), the court already considered these same arguments in its ruling on defendants' motions to dismiss. (Dkt. #107, at 27-31.) Similarly, though Jones's claims against Thompson admittedly presented a closer question at summary judgment, he has not advanced any new arguments or evidence in support of his argument that she was deliberately indifferent to his foot pain by failing to refer him to a specialist or, in his telling, timely schedule him for a follow-up with Dr. Hoftiezer to discuss possible steroid injections. As the court explained in its previous order, disagreement between two medical professionals, without more, does not establish an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Finally, Jones also seeks reconsideration of the court's dismissal of his state-law negligence claims because "covid restrictions and unforeseen delays" have led the statute of limitations on those claims to run out. (Dkt. #110, at 14.) However, neither reason points to a "manifest error" of law or fact in the court's initial ruling, and in any event, the parties did not ask the court to retain jurisdiction over Jones's state-law claims if his federal claims were dismissed. The court also reminds Jones that under Wisconsin law, the statute of limitations on his state-law negligence claims will have been tolled for the duration of

this case. Wis. Stat. § 893.13(2) ("A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for commencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.").

ORDER

IT IS ORDERED THAT plaintiff Leroy Jones's motion for reconsideration (dkt. #110) is DENIED.

Entered this 9th day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge